# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JERAD REDIC,

                     Petitioner,           :     Case No. 3:21-cv-191

    - vs -                            District Judge Walter H. Rice
                                           Magistrate Judge Michael R. Merz

WARDEN, London
  Correctional Institution,

                                        :
            Respondent.

# REPORT AND RECOMMENDATIONS

       This habeas corpus case is before the Court for decision on the merits. Relevant filings are the Petition (ECF No. 1), the State Court Record (ECF No. 4), and the Warden's Return of Writ (ECF No. 5).

       When the Court ordered an answer in this case, it set a deadline for Petitioner to respond to that answer by filing a reply not later than twenty-one days after the answer was filed (Order for Answer, ECF No. 2). When the Return of Writ/Answer was filed, the Court notified Petitioner that his reply was due by October 11, 2021 (ECF No. 6). On October 19, 2021, Petitioner requested and received an extension of time to file his reply to and including November 1, 2021 (ECF No. 7 & 8). However as of the date of this Report more than three weeks later, Petitioner has neither filed a reply nor requested a further extension.

**Litigation History**

On May 11, 2018, a Greene County, Ohio grand jury indicted Petitioner on two counts of rape with repeat violent offender specifications in violation of Ohio Revised Code § 2907.02(A)(2); one count of attempted felonious assault in violation of Ohio Revised Code § 2923.02(A)/2903.11(A)(1); and one count of abduction under Ohio Revised Code § 2905.02(A)(2) (Indictment, State Court Record, ECF No. 4, Ex. 1).  The repeat violent offender specifications were severed for bench trial on Redic's motion.  *Id.* Ex. 4.

A jury found Redic guilty of the anal rape charge, but not guilty on the other three counts (Verdict, State Court Record, ECF No. 4, Ex. 6)[1].  He was sentenced to seven years imprisonment. *Id.* at Ex. 8.  Redic appealed, assigning as error only the claim that the verdict was against the manifest weight of the evidence.  The Ohio Second District Court of Appeals affirmed.  *State v. Redic*, 2019-Ohio-3395 (Ohio App. 2nd Dist. Aug. 23, 2019)(copy at State Court Record, ECF No. 4, Ex. 20).

Ohio law allows a litigant forty-five days to appeal to the Supreme Court of Ohio from an adverse decision of the court of appeals.  In this case Redic's time to appeal expired October 23, 2019, but he did not file a notice of appeal until February 20, 2020, along with a motion for delayed appeal (State Court Record, ECF No. 4, Exs. 21, 22).  The Supreme Court summarily denied the motion. *Id.* at Ex. 23.

On November 20, 2019, Redic filed an application to reopen his appeal pursuant to Ohio R. App. P. 26(B) to raise claims of ineffective assistance of appellate counsel (Application, State Court Record, ECF No. 4, Ex. 24).  The Second District denied that Application on the merits and

---

[1] Redic was tried before The Honorable James A. Brogan, retired judge of the Second District Court of Appeals, sitting by assignment.

2

Redic did not appeal to the Supreme Court of Ohio.  *Id.* at Ex. 27.

Instead on January 28, 2020, Redic filed a Petition for Post-Conviction Relief under Ohio Revised Code § 2953.21 (State Court Record, ECF No. 4, Ex. 28).  The State moved to dismiss the Petition as untimely filed and/or barred by *res judicata*. *Id.* at Ex. 29.  The Common Pleas Court found the Petition was timely and not barred by *res judicata*, but rejected all three of Redic's claims of ineffective assistance of trial counsel on the merits (Judgment Entry, State Court Record, ECF No. 4, Ex. 31).  Redic did not appeal this decision.

Redic filed his Petition for Writ of Habeas Corpus in this Court on April 12, 2021, pleading the following grounds for relief:

> **Ground One**: Manifest weight of the evidence.
>
> **Supporting Facts:** The trial court abused its discretion because the verdict was against the manifest weight of the evidence, constituting a violation of Appellant's right of due process of law and fundamental fairness.
>
> **Ground Two**: Ineffective assistance of appellate counsel.
>
> **Supporting Facts:** The prosecutor failed in his duty to refrain from improper methods of obtaining a rape(s) charges against the Appellant, rather than bring a lesser included sexual assault, such as sexual battery. (b) Trial court failed to motion to the court for a pre-trial preliminary hearing. (c) Trial counsel failed to renew his Crim.R. 29 motion to dismiss the State's case at the conclusion of trial. (d) Trial court abused its discretion in objecting the defense Crim.R. 29 motion to dismiss charges. The record clearly provides the State's evidence was wholly insufficient to support either rape charges.
>
> **Ground Three**: Due process, prosecutor misconduct.
>
> **Supporting Facts:** Counsel's unreasonable decision not to present Detective Kraker as a defense witness, cannot reasonably be construed as sound trial tactic or strategy because counsel's error in not presenting Detective Kraker to the jury constitutes counsel's abandonment of Petitioner's defense, resulting in Petitioner's conviction.

**Ground Four**: Effective assistance of counsel.

**Supporting Facts**: Counsel's failure to introduce East Way mental health record, or the testimony of potential witness Jason Wiseman, and failure to introduce Dayton Police reports during the cross-examination of the Victim, resulting in the Petitioner being deprived of due process and effective cross-examination.

(Petition, ECF No. 1 PageID 5-10).

# Analysis

## Ground One:  Manifest Weight of the Evidence

In his First Ground for Relief, Redic claims his conviction is against the manifest weight of the evidence.

Federal habeas corpus is available only to correct federal constitutional violations.  28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983).   "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825)(Marshall C. J.); *Bickham v. Winn*, 888 F.3d 248 (6th Cir. Apr. 23, 2018)(Thapar, J. concurring).

A weight of the evidence claim is not a federal constitutional claim.  *Johnson v. Havener*, 534 F.2d 1232 (6th Cir. 1986).  In *State v. Thompkins,* 78 Ohio St. 3d 380 (1997)*,* the Supreme Court of Ohio reaffirmed the important distinction between appellate review for insufficiency of

the evidence and review on the claim that the conviction is against the manifest weight of the

evidence.   It held:

> In essence, sufficiency is a test of adequacy.  Whether the evidence
> is legally sufficient to sustain a verdict is a question of law. *State v.
> Robinson* (1955), 162 Ohio St. 486, 55 O.O. 388, 124 N.E.2d 148.
> In addition, a conviction based on legally insufficient evidence
> constitutes a denial of due process.  *Tibbs v. Florida*, 457 U.S. 31,
> 45, 102 S.Ct. 2211, 2220, 72 L.Ed.2d 652, 663, (1982), *citing
> Jackson v. Virginia* (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d
> 560.  Although a court of appeals may determine that a judgment of
> a trial court is sustained by sufficient evidence, that court may
> nevertheless conclude that the judgment is against the weight of the
> evidence.  *Robinson, supra*, 162 Ohio St. at 487, 55 O.O. at 388-
> 389, 124 N.E.2d at 149.  Weight of the evidence concerns "the
> inclination of the greater amount of credible evidence, offered in a
> trial, to support one side of the issue rather than the other.   It
> indicates clearly to the jury that the party having the burden of proof
> will be entitled to their verdict, if, on weighing the evidence in their
> minds, they shall find the greater amount of credible evidence
> sustains the issue which is to be established before them.  Weight is
> not a question of mathematics, but depends on its effect in inducing
> belief."  (Emphasis added.)
>
> When a court of appeals reverses a judgment of a trial court on the
> basis that the verdict is against the weight of the evidence, the
> appellate court sits as a " 'thirteenth juror' " and disagrees with the
> factfinder's resolution of the conflicting testimony.  *Tibbs*, 457 U.S.
> at 42, 102 S.Ct. at 2218, 72 L.Ed.2d at 661.  See, also, *State v. Martin*
> (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 219, 485 N.E.2d
> 717, 720-721 ("The court, reviewing the entire record, weighs the
> evidence and all reasonable inferences, considers the credibility of
> witnesses and determines whether in resolving conflicts in the
> evidence, the jury clearly lost its way and created such a manifest
> miscarriage of justice that the conviction must be reversed and a new
> trial ordered.  The discretionary power to grant a new trial should be
> exercised only in the exceptional case in which the evidence weighs
> heavily against the conviction.").

78 Ohio St. 3d at 387.  In *State v. Martin*, 20 Ohio App. 3d 172 (Hamilton Cty. 1983)(cited

approvingly by the Supreme Court in *Thompkins*), Judge Robert Black contrasted the manifest

weight of the evidence claim:

> In considering the claim that the conviction was against the manifest weight of the evidence, the test is much broader. The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. …

*Martin,* 20 Ohio App. 3d 172, ¶3 of the syllabus.

In his Second Ground for Relief, Redic complains that his appellate counsel provided ineffective assistance of appellate counsel by (1) not claiming trial counsel provided ineffective assistance of trial counsel by not renewing his motion to dismiss under Ohio R. Crim. P. 29 and (2) by not claiming the trial court abused its discretion by denying that Rule 29 motion when it was made because, he says, "The record clearly provides the State's evidence was wholly insufficient to support either rape charges [sic]."

Ohio R. Crim. P. 29 allows a criminal defendant to obtain dismissal of a charge with prejudice when the State has not presented constitutionally sufficient evidence by the time the State rests its case in chief or by the close of all the evidence. In deciding a Rule 29 motion, Ohio courts apply the same sufficiency test as is required by the Due Process Clause of the Fourteenth Amendment and enunciated in *Jackson v. Virginia*, 443 U.S. 307 (1979):

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . . This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson v. Virginia*, 443 U.S. at 319; *Smith v. Nagy*, 962 F.3d 192, 205 (6th Cir. 2020) (quoting *Jackson*).

Although Redic presented his evidence claim only as a manifest weight claim, a decision

6

by an Ohio Court of Appeals that a verdict is not against the manifest weight to the evidence logically implies that there was sufficient evidence. *Nash v. Eberlin,* 258 Fed. Appx. 761, 2007 U.S. App. LEXIS 29645 (6th Cir. Dec. 14, 2007); *Ross v. Miller*, No. 1:10-cv-1185, 2011 U.S. Dist. LEXIS 65082 (N.D. Ohio May 10, 2011)(White, M.J.); *Hughes v. Warden,* No. 1:10-cv-091, 2011 U.S. Dist. LEXIS 54131 (S.D. Ohio Apr. 27, 2011)(Merz, M.J.).  State court findings of fact are binding in later habeas corpus proceedings unless the petitioner demonstrates that the finding is rebutted by clear and convincing evidence in the state court record.  28 U.S.C. § 2254(e)(1); *Cullen v. Pinholster*, 563 U.S. 170 (2011).

In this case there clearly was sufficient evidence to support a conviction of anal rape:  the victim testified that she did not consent to anal intercourse and the SANE nurse testified to injuries consistent with forcible anal rape, to wit, anal prolapse.  Thus even if Redic had preserved a sufficiency of the evidence claim for habeas review, it would be without merit.

As Redic's App. R. 26(B) Application acknowledges, a sufficiency of the evidence claim should be raised on direct appeal and was not in this case.  In addition to claiming Redic's First Ground is not cognizable in habeas corpus, Respondent also asserts it is procedurally defaulted by Redic's failure to raise it on direct appeal.

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406

(6th Cir. 2000).  That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982).  "Absent cause and prejudice, 'a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.'"  *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000), quoting *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87.

> [A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule. E.g., *Beard v. Kindler*, 558 U.S. 53, 55, 130 S.Ct. 612, 175 L.Ed.2d 417 (2009).  This is an important "corollary" to the exhaustion requirement. *Dretke v. Haley*, 541 U.S. 386, 392, 124 S.Ct. 1847, 158 L.Ed. d 659 (2004).  "Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address" the merits of "those claims in the first instance." *Coleman* [*v. Thompson*], 501 U.S. [722,] 731-732, 111 S.Ct. 2546, 115 L.Ed.2d 640 [(1991)].  The procedural default doctrine thus advances the same comity, finality, and federalism interests advanced by the exhaustion doctrine.  See *McCleskey v. Zant*, 499 U.S. 467, 493, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).

*Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017). "[A] federal court may not review federal claims that were procedurally defaulted in state courts." *Theriot v. Vashaw*, 982 F.3d 999 (6th Cir. 2020), citing *Maslonka v. Hoffner*, 900 F.3d 269, 276 (6th Cir. 2018) (alteration in original) (quoting *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017)).

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Barton v. Warden, S. Ohio Corr. Facility,* 786 F.3d 450, 464 (6th Cir. 2015), *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th

Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261

F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule
> that is applicable to the petitioner's claim and that the petitioner
> failed to comply with the rule.
> . . . .
>
> Second, the court must decide whether the state courts actually
> enforced the state procedural sanction, citing *County Court of Ulster
> County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777
> (1979).
>
> Third, the court must decide whether the state procedural forfeiture
> is an "adequate and independent" state ground on which the state
> can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not
> complied with and that the rule was an adequate and independent
> state ground, then the petitioner must demonstrate under *Sykes* that
> there was "cause" for him to not follow the procedural rule and that
> he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord, *Hartman v. Bagley,* 492 F.3d 347, 357

(6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002).

Ohio has a relevant procedural rule: claims which can be decided on the direct appeal

record, such as claims of insufficient evidence, must be presented there or be barred by *res judicata*

from consideration in later proceedings. *State v. Perry,* 10 Ohio St. 2d 175 (1967). The *Perry* rule

has been repeatedly held to be an adequate and independent state ground of decision. *Durr v.

Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001);

*Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir.

2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994)(citation omitted); *Van Hook v. Anderson*,

127 F. Supp. 2d 899, 913 (S.D. Ohio 2001). The Ohio courts have consistently enforced the *Perry*

rule. *State v. Cole*, 2 Ohio St. 3d 112 (1982); *State v. Ishmail*, 67 Ohio St. 2d 16 (1981). Thus

there is no doubt they would have found an insufficient evidence claim barred by *res judicata* if Redic had ever made a sufficiency claim in any proceeding subsequent to direct appeal, which he did not.

A habeas petitioner can overcome a procedural default by showing cause for the default and prejudice from the asserted error. *Atkins v. Holloway*, 792 F.3d 654, 657 (6th Cir. 2015). ineffective assistance of counsel can constitute excusing case. *Murray v. Carrier,* 477 U.S. 478, 494-95 (1986). However such a claim of ineffective assistance of counsel must be first submitted to the state courts and exhausted as required by state procedure. *Edwards v. Carpenter*, 529 U.S. 446 (2000). In this case Redic properly presented his ineffective assistance of appellate counsel claim in his 26(B) Application, but then procedurally defaulted that claim by failing to appeal to the Supreme Court of Ohio from denial of his 26(B) Application.

In sum, Petitioner's First Ground for Relief should be denied because the claim it raises prima facie – verdict against the manifest weight of the evidence – is not a federal constitutional claim. Construed as an insufficient evidence claim, it is without merit and is also procedurally defaulted.

**Ground Two:  Ineffective Assistance of Appellate Counsel**

In his Second Ground for Relief, Petitioner asserts he received ineffective assistance of appellate counsel. Although Redic captions his claims as ineffective assistance of appellate counsel claims, the issues raised in the supporting facts are claims of (a) prosecutorial misconduct (overcharging), (b) trial counsel error (not moving for a preliminary hearing), (c) ineffective assistance of trial counsel (not renewing the Rule 29 motion), and (d) trial court error (denying the

Rule 29 motion).  He makes no effort to connect these four sub-claims to anything his appellate attorney did or did not do.  In any event, any claim of ineffective assistance of appellate counsel is barred by Redic's procedural default in failing to appeal to the Supreme Court of Ohio from denial of his 26(B) Application.

To the extent these four sub-claims raise issues other than ineffective assistance of appellate counsel, they also are procedurally defaulted and/or without merit.

Petitioner's claim that the prosecutor engaged in misconduct by overcharging him is grounded in his claim that there was insufficient evidence to convict him of anal rape.  As explained above, there was sufficient evidence of anal rape not just for charging purposes, but also for conviction.  It cannot be prosecutorial misconduct to charge a defendant with an offense wholly supported by the evidence.  Thus this sub-claim is without merit; it is also procedurally defaulted by Redic's failure to raise it on direct appeal.

Petitioner's claim that he should have been given a preliminary hearing is without merit because Ohio law does not provide for such a hearing when the charges result from a grand jury indictment.  Moreover there is no federal constitutional right to a preliminary hearing.

Redic's third sub-claim is that he received ineffective assistance of trial counsel when his attorney did not renew the Rule 29 motion.  To succeed on a claim of ineffective assistance of trial counsel, a defendant must show that his attorney performed deficiently and that he was prejudiced by the deficient performance.  *Strickland v. Washington,* 466 U.S. 668 (1984).  Because there plainly was sufficient evidence of anal rape, a renewed Rule 29 motion would undoubtedly have been denied and Redic was not prejudice by the failure.

Redic's fourth sub-claim fails for the same reason:  it would have been error for the trial court to grant the Rule 29 motion because there was sufficient evidence.

Therefore Redic's Second Ground for Relief should be dismissed.

**Ground Three:  Due process, prosecutor misconduct.**

Although Redic labels his Third Ground as about prosecutor misconduct, it is never a prosecutor's responsibility to call a defense witness.  From the way the supporting facts are worded, the Court reads this as a claim of ineffective assistance of trial counsel. In the Petition Redic states the claim was not made on direct appeal because it depends on facts outside the appellate record, supporting this reading.

Petitioner raised this as his second claim in his Petition for Post-Conviction Relief, blaming his trial attorney for not calling Detective Kraker as a defense witness and also for not complaining of prosecutorial misconduct "[b]ecause, the Prosecutor presented Detective Alan Kraker to the Court as the State's key witness, and motioned the Court that Detective Kraker be permitted to sit at Prosecutor's table throughout the Court proceedings. (State Court Record, ECF No. 4, PageID 207 et seq.)

In deciding this claim, Common Pleas Judge Buckwalter held:

> Redic' s second claim of ineffective assistance of counsel is that his trial counsel was ineffective because his attorney failed to call a Detective Alan Kraker as a defense witness at trial or to object to the State's failure to call Det. Kraker at trial. Redic argues that had Kraker testified on direct or cross examination, his testimony "would have clearly demonstrated the victim's perjury, or falsification and prior inconsistent statements." Post Conviction Petition, p. 5.
>
> Redic's petition includes a copy of a Narrative Supplement to the Fairborn Police Department investigative report prepared by Det. Kraker, which includes descriptions of Det. Kraker's discussions with Y.M . Redic, however, fails to describe or to bring to the Court's attention any claimed inconsistencies between the victim's

testimony at trial and her statements to Det. Kraker which might have constituted material with which Y.M. could have been impeached at trial. In this matter in which Redic claims ineffective assistance of counsel, it is Redic' s burden to prove his allegations of ineffective assistance of counsel, including a description of any claimed inconsistencies between statements by the victim in Det. Kraker's narrative report and her testimony at trial. The Court, on its own review, does not discern any material or significant inconsistencies which might have provided material for impeachment.

The Court does not find any ground for a claim of ineffective assistance of counsel in regard to Redic's allegation that his trial counsel failed to object to the State's not calling Det. Kraker as a witness at trial. The State bore no duty to Defendant to call any particular witness, including Det. Kraker, at trial. More importantly, any objection by Defendant to the State's omission of Det. Kraker as a witness at trial would have been to no avail and could not have served as a means by which Defendant could have made the State call Det. Kraker as its witness at trial.

The Court does not find that Redic's trial counsel's failure to call Det. Kraker as a witness at trial fell below any objective standard of reasonableness, and does not find that Defendant has demonstrated prejudice in this regard, in that the Court does not find a probability that the outcome of the trial would have been different had Defendant called Det. Kraker as a witness at trial.

(Judgment Entry, State Court Record, ECF No. 4, Ex. 31, PageID 310-11.)

Redic did not appeal from dismissal of his post-conviction Petition, so the claims in Ground Three are procedurally defaulted.  If the Court were to reach the merits, it would be bound to defer under 28 U.S.C. § 2254(d)(1) to Judge Buckwalter's decision because that decision is not an objectively unreasonable application of *Strickland v. Washington,* 466 U.S. 668 (1984).  In particular, the State is under no obligation to call as a witness the law enforcement officer designated as the State's representative at trial, so an objection to that effect by trial counsel would have been meritless.  It is extremely risky for the defense to call the State's representative as a defense witness because defense counsel cannot know what he or she will say.  Finally, if the

purpose was to show inconsistencies between the victim's testimony at trial and what she said to Detective Kraker, she could have been confronted with those inconsistencies from the record Kraker made of her statements (attached to Redic's post-conviction petition) without ever calling him to the stand.

Therefore Ground Three should be dismissed as procedurally defaulted and without merit.

**Ground Four: Ineffective Assistance of Trial Counsel**

In his Fourth Ground for Relief, Redic claims he received ineffective assistance of trial counsel when his trial attorney failed to (1) introduce the victim's mental health records from Eastway, (2) failed to present testimony from Jason Wiseman, and (3) failed to cross-examine the victim with records from the Dayton Police Department.

Redic raised this as his third claim of ineffective assistance of trial counsel in post-conviction and Judge Buckwalter decided it as follows:

> Redic alleges that he received ineffective assistance at trial because his counsel failed to introduce medical records of Y.M. from Eastway Mental Health Center and failed to call Jason Wiseman, a counselor or doctor who performed an examination of Y.M. at Eastway, as a witness at trial. Redic also argues that counsel was ineffective by failing to introduce Dayton Police Department records of reports, apparently of previous complaints to the Police Department made by the victim.
>
> Redic argues that Eastway records and records of an examination of Y.M. by Jason Wisement, a physician at Eastway, would have contradicted the victim's testimony at trial that she had no mental health problems other than anxiety.
>
> At trial, however, Redic's counsel cross-examined Y.M. based upon a medical record which stated that Y.M. had a history of visual hallucinations and a diagnosis of Schizioaffective [sic] Disorder. [footnote omitted] Tr. 173~182. Y.M. denied a history of

hallucinations and denied a history of schiziophrenia [sic]. Tr. 178, 181. Therefore, trial counsel did impeach Y.M. at trial based upon discrepancies between her trial testimony and statements in her medical record.

Redic claims that statements made by the victim in the record prepared by Jason Wiseman would have impeached Y.M., but again, Redic fails to meet his burden of specifically delineating the areas of claimed inconsistency.

The Court notes also that at trial Redic's counsel called an expert in schizoaffective disorders, Julie Ross Messinger, to the stand, who testified as to potential adverse effects of a schizioaffective [sic] disorder upon a person's ability to accurately observe and recollect events.

Redic does not specify any reason why it was allegedly ineffective assistance of counsel to introduce Dayton Police Department reports into evidence at trial. Redic does state that the Police Department report of the subject incident states that Y.M. was on social security disability for bipolar and schiziophrenia [sic]. These diagnoses had already come in, however, in Defendant's Exhibit C.

In sum, the Court finds that Redic has failed to meet his burden of showing ineffective assistance of counsel on any of the claims in this regard set forth in his petition for postconviction relief. The Court does not find that Redic has shown that any of the alleged errors of counsel fell below an objective standard of reasonableness, and does not find that Redic has shown that any of the claimed errors of counsel would have materially altered the outcome of the trial had counsel proceeded differently.

(Judgment Entry, State Court Record, ECF No. 4, Ex. 31, PageID 311-13).

As with Ground Three, Redic has procedurally defaulted this claim by failing to appeal from denial of his post-conviction petition to the Second District Court of Appeals. Moreover, as the final state court decision on the merits, Judge Buckwalter's decision is entitled to deference under 28 U.S.C. § 2254(d)(1) as a reasonable application of *Strickland*. It cannot be ineffective assistance of trial counsel to fail to "gild the lilly" by introducing repetitive evidence.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

November 22, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #