# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JERAD REDIC,

        Petitioner,        :        Case No. 3:21-cv-191

  - vs -                               District Judge Walter H. Rice
                                          Magistrate Judge Michael R. Merz

WARDEN, London
  Correctional Institution,

                                       :

        Respondent.

## DECISION AND ORDER DENYING MOTION FOR STAY

This habeas corpus case is before the Court on Petitioner's Motion for Stay (ECF No. 10).

Petitioner filed the Motion electronically[1] on December 7, 2021, two days before the deadline for objections to the pending Report and Recommendations on the merits of the case.

Redic seeks a stay pending the outcome of proceedings on his Petition for Post-Conviction Relief. He writes:

> In 2021 the Petitioner filed a writ of Habeas Corns U.S.C.§2254 [i.e. this case]. At the same time the petitioner had a post-conviction petition pending in the common pleas courts of Greene County, Ohio for Case number 2018320. Petitioner mentioned the Post-Conviction Petition and included the issues of that state post-conviction petition in his federal Habeas Corpus packet but the state courts have still not had a chance to review the petition. Therefore, the issues are not yet ripe for review.

---

[1] Petitioner is incarcerated at London Correctional Institution, one of the Ohio prisons to which the Court has furnished scanners to permit prisoners to file electronically.

1

> For these reasons petitioner humbly requests the court to grant him stay of the proceedings until such time as he has exhausted his state remedies.

(ECF No. 10, PageID 880).

Redic did filed his Petition in the Sixth Circuit on July 14, 2021 (ECF No. 1, PageID 1; "received" stamp of Deborah Hunt, Clerk of that Court). The Petition was then forwarded to the Clerk of this Court at Cincinnati who filed it July 16, 2021[2][3]. *Id.* The Petition does indeed contain reference to the post-conviction proceedings in the Greene County Court of Common Pleas (ECF No. 1, PageID 9, 10, 11) and reports that relief had been denied in the Greene County Court on June 12, 2020. *Id.* at PageID 9, 11. At both of those places in the Petition, Redic left blank the question whether he had appealed or not.

The Warden filed the Return of Writ on September 17, 2021 (ECF No. 5). Therein the Court is advised that Redic's post-conviction petition was denied on June 12, 2020, and that he had not appealed as of the deadline for doing so, July 13, 2020. *Id.* at PageID 797. Although Petitioner requested and received an extension of time to file a reply/traverse, he never did so. Thus the Warden's assertion that no appeal was filed is uncontradicted.

District courts have authority to grant stays in habeas corpus cases to permit exhaustion of state court remedies in consideration of the AEDPA's preference for state court initial resolution of claims. *Rhines v. Weber*, 544 U.S. 269 (2005). However, in recognizing that authority, the Supreme Court held:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines

---

[2] Because the proper venue for this habeas case was at the Dayton location of court in that it arises out of a Greene County conviction, the Clerk gave it a Dayton case number when it was filed and there was no need for a transfer of venue order.
[3] The Report incorrectly states the Petition was filed April 12, 2021.

> there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"). . . .
>
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

*Id.* at 277-278.

Petitioner does not suggest that he has any available avenue of seeking collateral relief in the state courts. His time for appeal of right expired more than sixteen months ago and it is highly unlikely the Second District Court of Appeals would grant him a delayed appeal at this point, seeing that he has been actively litigating in this Court since July 2021. The Report and Recommendations already found Redic took no appeal from denial of his post-conviction petition and recommended Grounds Three and Four, which plead claims first raised in post-conviction, be dismissed as procedurally defaulted for failure to appeal (Report, ECF No. 9, PageID 877-78).

In sum, Petitioner has not shown good cause for staying these proceedings pending exhaustion. His Motion for Stay is DENIED.

December 9, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge
